Executor, ESTATE OF Celia KATES, Philip Barash, Beneficiary, Irving Kates Trust, Sandra Barash, Plaintiffs–Appellants,

v.

NORTHERN TRUST BANK, N.A., Defendant,

William A. Osborne, Northern Trust Corporation, Gwen Boykin, Defendants–Appellees.

No. 05–6311–cv.

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

Philip Barash, Muttontown, NY, pro se.

Sandra Barash, Muttontown, NY, pro se.

Jay Warren Freiberg, Katten Muchin Rosenman LLP (Julia Chung, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Appellants, *pro se*, appeal from the November 17, 2005 judgment of the District Court for the Eastern District of New York (Denis R. Hurley, *Judge* ) dismissing their complaint because their claims (1) fell within the probate exception to federal diversity jurisdiction; (2) were barred by claim preclusion; and (3) were barred by issue preclusion. We assume the parties' familiarity with the balance of the facts and procedural history of this case.

The doctrine of claim preclusion prevents parties and their privies from relitigating claims that were, or could have been, raised in an earlier action that has resulted in a final judgment. *See Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 380–

81 (2d Cir.2003). The fraud exception to this doctrine is limited: it does not permit a litigant to collaterally attack a judgment on the ground of fraud, when the fraud issue was or could have been raised in a post-trial motion or direct attack on the judgment. *See Weldon v. United States,* 70 F.3d 1, 5 (2d Cir.1995). The District Court properly dismissed appellants' claims because those claims were raised, or could have been raised, in an earlier proceeding in the Circuit Court of Florida.

Accordingly, the judgment of the District Court is AFFIRMED.